IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   13-cv-00538-WYD-KMT

BISHOP PLUMBING AND HEATING, INC., a Colorado Corporation

    Plaintiff,

v.

MAXX AUTOMOTIVE CORP., a Tennessee Corporation,

    Defendant.

## ORDER OF REMAND

THIS MATTER is before the Court on the Notice of Removal (ECF No. 1), filed March 1, 2013.  By way of background, this is a breach of contract action arising from an alleged agreement for the sale and purchase of two vehicles.  (Compl. ¶¶ 3, 26-75).

On March 1, 2013, Defendant Maxx Automotive Corp. ("Defendant") filed a notice of removal asserting that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a)(1). Defendant asserts in the notice of removal that the amount in controversy requirement is satisfied.  Further, Defendant asserts that while Plaintiff is a citizen of Colorado, Defendant is a Tennessee corporation with its principal place of business in Tennessee.

After carefully reviewing the pleadings, I find that this case must be remanded based on the failure of the Defendant to show that the amount in controversy is satisfied.  The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *Laughlin v.*

*Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  If the jurisdictional amount is not shown by the allegations of the complaint, "[t]he burden is on the party requesting removal to set forth, in the notice of removal itself, the 'underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000].'"  *Laughlin*, 50 F.3d at 873 (quotation omitted).  In other words, the amount in controversy must be affirmatively established on the face of either the petition or notice of removal.  *Id*.  The removal statute is construed narrowly.  *Martin*, 251 F.3d at 1289.

In this case, the allegations of the Complaint do not show that the amount in controversy exceeds $75,000, as required to establish diversity jurisdiction.  28 U.S.C. § 1332(a)(1).  I note that there is no reference to any dollar amount in the state court Complaint.  Further, there is no reference to any damage amount in the "relief sought" section of the Complaint.  Thus, I turn to the notice of removal.  The notice of removal merely states the following in relevant part, "[t]he amount in controversy, without interest and costs, exceeds $75,000.00."  (ECF No. 1, Notice of Removal ¶ 3.)  That is the only allegation in the notice of removal regarding the amount in controversy.  I find that the Defendant has failed to meet its burden of affirmatively establishing the amount in controversy on the face of either the petition or the notice of removal.  The notice of removal's vague reference to the amount in controversy is not sufficient to establish that the jurisdictional amount is satisfied as I cannot discern the amount in controversy based on the contents of both the Complaint and the notice of removal.

Guided by the strong presumption against removal of civil actions to federal court based on diversity jurisdiction and the fact that it appears that the Court lacks subject

matter jurisdiction over this action, I find that this matter must be remanded to the state court.  See 28 U.S.C. § 1447(c).  Accordingly, it is

ORDERED that the Clerk of Court is directed to **REMAND** this action to the Garfield County, Colorado District Court from which the case was removed.

Dated:  March 12, 2013

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge